495 So.2d 1207 (1986)
Vincent James CAPPADONA, Appellant,
v.
STATE of Florida, Appellee.
Nos. 85-329, 85-1615.
District Court of Appeal of Florida, Fourth District.
October 1, 1986.
Rehearing Denied November 5, 1986.
Edna L. Caruso of Edna L. Caruso, P.A., West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Robert S. Jaegers, Asst. Atty. Gen., West Palm Beach, for appellee.
HERSEY, Chief Judge.
Convicted and sentenced for the crime of second degree murder, appellant, Cappadona, complains of nine errors which he alleges deprived him of a fair trial.
In 1981 appellant was convicted of first degree murder for the shooting death of Mark Ladic. That conviction was overturned on appeal and the errors complained of here resulted from the second trial.
Shortly after this trial began, a newspaper article appeared which detailed some of the evidence adduced at the first trial and announced that appellant had been convicted and sentenced. The headline read: "Accused killer's 2nd trial begins."
On voir dire by the court, three jurors admitted reading the article or hearing it read. All three jurors stated that their knowledge of the contents of the article would not prevent them from rendering a fair and impartial verdict. Appellant's motion for mistrial was denied. A motion for special instructions to the jury was denied with the right to renew the motion at the charge conference. The motion was not renewed, but the court admonished the jury on several occasions to disregard media reports of the trial.
The issue is whether the prejudice inherent in jurors' knowledge of a prior jury conviction for the same offense for which the accused is presently being tried is sufficiently ameliorated by the described circumstances to restore an atmosphere conducive to a fair trial. Our view of the prevailing law convinces us that it is not.
A case in point is United States v. Williams, 568 F.2d 464 (5th Cir.1978). In that case, two jurors saw a television newscast during trial which reported that the defendant had been convicted at a prior trial on the same charge and that a new trial had been ordered because of "erroneous testimony." *1208 The appellate court reversed the conviction and held, inter alia, that the defendant was denied a fair trial, even though the two jurors had stated that they could disregard the newscast, and the court had instructed them to disregard everything not heard in court. Id. at 471. The court reasoned that "the newscast contained information that was probative of guilt and highly prejudicial. Indeed, we are hard pressed to think of anything more damning to an accused than information that a jury had previously convicted him for the crime charged." Id. at 470, 471.
In the present case, the newspaper article indicated that appellant's position at the initial trial was that he had nothing to do with the shooting of Mark Ladic. Appellant's position in the second trial was that he shot Ladic in self-defense. The obvious inconsistency in these two positions could not have been lost on even the most naive of jurors, with the result that appellant was handicapped by a lack of credibility from the outset. Moreover, a written question to the trial judge from the jury room furnishes support for the suspicion that all of the jurors, not just the three directly exposed to media influence, were tainted with the knowledge of appellant's prior conviction.
We conclude that the subjective influences produced by the newspaper article imposed a burden on appellant's defense which was an intolerable dilution of the presumption of innocence to which he was constitutionally entitled.
Because appellant is entitled to a new trial solely on the basis of the issue of jury influence, we do not consider the additional points on appeal.
REVERSED and REMANDED.
ANSTEAD and DELL, JJ., concur.